■ JEFFREY I. KATZ, Appellant, v BARBARA FORTGANG, Respondent. [974 NYS2d 14]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about August 10, 2012, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

Whether utilizing a "grouping of contacts" test or an interest analysis, Florida law is applicable, since the investment account, a joint account with right of survivorship, was established in Florida by the parties' late mother who, at the time, was a Florida resident (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317 [1994]). Thus, Florida has a greater interest than New York in regulating issues of possession and ownership of the account. Under Florida law, when a depositor establishes this type of account and the depositor is the only contributor to the account, the presumed intent of the depositor is not to make an inter vivos gift, but to have the funds remaining in the account distributed to the other account holders, here plaintiff and defendant, upon the depositor's death (*see In re Estate of Combee*, 601 So 2d 1165, 1167 [Fla 1992]; *Katz v Katz*, 666 So 2d 1025, 1027 [Fla Dist Ct App 1996], *review denied* 675 So 2d 927 [Fla 1996]). Further, the testimony of the parties' late mother as well as that of plaintiff established that the mother did not intend to make a gift to her children in her lifetime, and did not relinquish dominion and control over the account since withdrawals required her signature (*see Mulato v Mulato*, 705 So 2d 57, 61 [Fla Dist Ct App 1997], *review denied* 717 So 2d 535 [Fla 1998]). Accordingly, defendant demonstrated that plaintiff was not entitled to any of the funds in the account prior to their mother's death. She further established that funds withdrawn from the account were used solely for her mother's benefit.

In opposition, plaintiff failed to raise a triable issue of fact as to his possessory right or interest in the account (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 50 [2006]). Concur—Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.